IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Spears, ) | C/A No.: 4:16-3139-TLW-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Florence Magistrate Court; Judge Neon ) | REPORT AND RECOMMENDATION |
| Langely; Judge Keith Becker; Judge ) | |
| Jerry Rivers; and Judge Sandra ) | |
| Grimsley, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Edward Spears ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action against Florence Magistrate Court and Florence Magistrate Judges Neon Langely ("Langely"), Keith Becker ("Becker"), Sandra Grimsley ("Grimsley"), and Jerry Rivers ("Rivers") (collectively "Defendants"), alleging a violation of "civil court procedures." [ECF No. 1-1 at 3]. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges he filed a lawsuit against his former employer, R&R Cleaning Services ("R&R"). [ECF No. 1-1 at 1]. Plaintiff states he appeared in court before Judge Langely on April 7, 2016, and Langely dismissed Plaintiff's case against R&R without

prejudice. *Id.*[1] Plaintiff claims he refiled his lawsuit against R&R on June 22, 2016, and asked Langely to prepare an order of dismissal confirming his April 7, 2016 decision. *Id.* Plaintiff claims Langely sent him a handwritten statement noting Plaintiff's case against R&R was dismissed without prejudice. *Id.* Plaintiff says Langely's statement was not signed and was not on official magistrate court stationery. *Id.* Plaintiff alleges Langely also sent R&R's attorney a final disposition on magistrate court stationery stating Plaintiff's case was dismissed with prejudice. *Id.* Plaintiff claims he confronted Langely about the two statements, and Langely refused to "send a retraction statement." *Id.* at 1–2.

Plaintiff claims R&R failed to respond to his June 22, 2016 complaint, and Judge Becker held a default hearing on August 15, 2015.[2] *Id.* at 2. Plaintiff alleges that after R&R's attorney presented argument to the court about the disposition he had received from Langely, Becker dismissed the default hearing. *Id.* Plaintiff claims he again asked Langely to send R&R's attorney a "retraction letter" and to give Plaintiff a "proper order of dismissal" showing his case had been dismissed without prejudice, but Langely refused. *Id.* at 2–3. Plaintiff alleges he visited Head Magistrate Judge Grimsley, who promised Plaintiff another default hearing before a different judge. *Id.* Plaintiff claims he appeared before Judge Rivers for a default hearing on September 15, 2016, and Rivers allowed R&R's attorney to present argument about Langely's disposition. Rivers then set

---

[1] Plaintiff also claims he attempted to sue a security guard for excessive force, which claim Langely dismissed with prejudice. [ECF No. 1-1 at 1].

[2] This year appears to be a scrivener's error.

Plaintiff's case for a jury trial. *Id.* at 3. Plaintiff seeks monetary damages. [ECF No. 1 at 5].

II.     Discussion

   A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

3

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

1. Florence Magistrate Court

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).[3] Such immunity extends to arms of the state, *see Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984), and also bars this court from granting injunctive relief against the state or its agencies. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. Several federal courts have concluded that state courts are entitled to Eleventh Amendment immunity. *See Taylor v. Fourteenth Judicial Circuit of General Session Court*, C/A No. 2:10–2496–CMC–BM, 2010 WL 4818539 at *2 n.1 (D.S.C. Oct. 15, 2010); *Stegeman v. Georgia*, C/A No. 1:06–2954–WSD, 2007 WL 2071542, at *7 n.22 (N.D. Ga. July 16, 2007); *Young v. Ottawa County Circuit Court*, C/A No. 1:06–709, 2007 WL 1712608, at *3 (W.D. Mich. June 12, 2007); *Robinson v. Court of Common

---

[3] While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann. § 15-78-20(e).

4

*Pleas of Philadelphia County*, 827 F. Supp. 1210, 1211–12 (E.D. Pa. 1993) (collecting cases). The Florence Magistrate Court is a court within the State of South Carolina's unified judicial system. *See* Article V, Section 1 of the Constitution of the State of South Carolina ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271 (S.C. 1989); *Cort Indus. v. Swirl, Inc.*, 213 S.E.2d 445 (S.C. 1975). Accordingly, the Florence Magistrate Court is protected from Plaintiff's claims by the Eleventh Amendment and should be summarily dismissed from this case.

        2.        Judges Langely, Becker, Grimsley, and Rivers

It is well-settled that judges have absolute immunity from a claim for damages arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted).

The *Stump* Court made clear that "whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, *i.e.,* whether it is a function normally performed by

5

a judge, and to the expectations of the parties, *i.e.,* whether they dealt with the judge in his judicial capacity." 435 U.S. at 362. The allegations in Plaintiff's complaint address decisions and orders made by Judges Langely, Becker, Grimsley, and Rivers in Plaintiff's pending Florence Magistrate Court lawsuit. As Plaintiff's claims relate to the individual defendants' judicial actions, they are entitled to absolute judicial immunity. Accordingly, Plaintiff's claims against these defendants are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 26, 2016                           Shiva V. Hodges
Columbia, South Carolina                  United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).